# Richmond

CLARENCE F. SOWERS, ADM'R, ETC. V. GRACE SHERTZER, EXECUTRIX, ETC.

November 21, 1938.

Record No. 1977.

Present, All the Justices.

The opinion states the case.

·Clyde B. Lanham, for the appellants.

Charles Henry Smith, for the appellees.

GREGORY, J., delivered the opinion of the court.

The record discloses that the appeal in this case was granted on January 20, 1938, and that a written motion to dismiss it was filed by the appellees on February 2, 1938. At the same time the appellants were noitfied that on the

first day of March, 1938, the appellees would move the court to dismiss the appeal as having been improvidently awarded. The final decree appealed from was entered on October 27, 1937. Thus, it is disclosed that after the return day of the motion to dismiss the appeal there still remained approximately two of the six months allowed for an appeal within which the appellants could have, if they had been so advised, filed a proper petition for an appeal.

The grounds for the motion to dismiss are: First, that the appellants in their petition have made no assignments of error. Second, that they have made no concise statement of the facts in their petition.

Upon an inspection of the petition for appeal it is apparent that no assignments of error have been made and that no adequate statement of the facts is set forth. Under section 6346 of the Code it is provided that the petition for an appeal shall assign errors and in Rule II (b) of this court it is provided that an appellant must include in his petition for an appeal a concise and fair statement of the facts in the case, those which are controverted as well as those which are conceded.

It is perfectly patent in this case that the petition neither conforms to the statute nor to the rule of court in the respects mentioned. Notice of these material defects in the petition for appeal had been brought home to the appellants within ample time for them to have perfected their appeal by filing such a petition as is required by the statute and by the rule of court referred to. This they failed to do. It is accordingly our duty to dismiss the appeal as having been improvidently awarded. *Oliver* v. *Commonwealth,* 163 Va. 347, 175 S. E. 864.

*Dismissed.*